IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY RENE SANDERS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. LELAND, et al.,<br><br>    Defendants. | No. 2:25-CV-0798-DJC-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before this Court is Plaintiff's complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

///

///

1

Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

### I. PLAINTIFF'S ALLEGATIONS

Plaintiff filed the original complaint on February 25, 2025. See ECF No. 1. Plaintiff names the following as Defendants: (1) J. Leland; (2) F. Blurton; (3) T. Sawyer; (4) G. Ramirez; and (5) M. Lara. See id. at 1. Plaintiff alleges that Defendants violated his right to due process under California state law. See id. at 3-6.

Plaintiff contends that on March 9, 2023, he returned to his cell to retrieve a dental ducat. See id. at 3. Plaintiff claims that he told Defendant Leland, who had unlocked his cell door, to continue unlocking other cells while Plaintiff retrieved the ducat. See id. at 4. Plaintiff claims that Defendant Leland "got loud," attracting the attention of Defendant Blurton. See id. Then, according to Plaintiff, when Defendant Leland tried to shut Plaintiff's cell door, the door hit Plaintiff's shoulder and swung back open. See id. Plaintiff asserts that Defendant Leland falsely claimed Plaintiff had kicked the cell door, causing it to hit Defendant Leland. See id. at 4 and 29. Defendant Leland made a Rules Violation Report based on this claim, accusing Plaintiff of Battery on a Peace Officer. See id. at 24. Plaintiff claims that Defendant Blurton made a supplemental report supporting Defendant Leland's claim, even though Defendant Blurton was near the scene of the incident and knew Defendant Leland's statement was false. See id. at 4.

///

Plaintiff contends that Defendant Sawyer, the Senior Hearing Officer for Plaintiff's rule violation process, denied Plaintiff the opportunity to call witnesses at the hearing and suspended the hearing to question Defendant Blurton outside of Plaintiff's presence. See id. According to Plaintiff, Defendant Ramirez is responsible for reviewing available surveillance footage regarding the incident and submit a report on the findings. See id. at 5. Plaintiff contends that Defendant Ramirez failed to perform that duty properly and did not make a report in support of Plaintiff's version of the story. See id.

Plaintiff asserts that Defendant Lara, who was assigned to assist him, failed to inform him of his due process rights related to the hearing, such as his right to inspect the surveillance footage. See id. at 6. Plaintiff claims that Defendant Lara also failed to inform Plaintiff of the hearing twenty-four hours in advance. See id. According to the hearing records Plaintiff attached to the complaint, Defendant Sawyer found Plaintiff guilty of Battery on a Peace Officer and subjected him to the loss of 121 days' worth of good-time credits. See id. at 37.

Plaintiff asserts that he exhausted administrative remedies, including the grievance process available at CDCR. See id. at 2. Plaintiff attached records of the grievances, appeals, and rules violation report to his complaint.[1] The following facts are documented in those records. On June 7, 2023, the Office of Grievances at CMF reviewed the relevant evidence and denied Plaintiff's claim of due process violations. See id. at 9. Defendants Sawyer and Lara were interviewed by the Office of Grievances during this process and denied the allegations against them. See id. On August 19, 2023, the Office of Appeals at CMF determined that the Office of Grievances response did not address several of Plaintiff's claims, especially those related to the conduct of Defendant Sawyer. See id. at 11. According to Plaintiff, this marked the exhaustion of administrative remedies available to Plaintiff within CDCR. See id.

/ / /

/ / /

/ / /

---

[1] In the attached records, ECF No. 1, pgs. 8-42, the Court was unable to read pages 15-20.

3

## II. DISCUSSION

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Finally, with respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill,

472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Plaintiff asserts in the complaint that he was denied due process under California state law and demands a jury trial. See ECF No. 1, pg. 3. The Court does not find Plaintiff's allegations state a cognizable due process claim. Specifically, Plaintiff failed to specify the liberty or property interest for which protection is sought. While Plaintiff states that his claim arises from state law, it unclear whether Plaintiff is alleging a liberty interest that arises from state law. Therefore, Plaintiff will be provided the opportunity to amend.

When a state prisoner challenges the legality of his custody and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam).

In particular, where the claim involves the loss of good-time credits as a result of an adverse prison disciplinary finding, the claim is not cognizable. See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased hearing officer implied the invalidity of the underlying prison disciplinary sanction of loss of good-time credits); Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); cf. Ramirez v. Galaza, 334 F.3d 850, 858 (9th. Cir. 2003) (holding that the favorable termination rule of Heck and Edwards does not apply to challenges to prison disciplinary hearings where the administrative sanction imposed does not affect the overall length of confinement and, thus, does not go to the heart of habeas); see also Wilkerson v. Wheeler, 772 F.3d 834 (9th Cir. 2014) (discussing loss of good-time credits).

///

As currently pleaded, the Court finds Plaintiff's due process claim to be defective. To the extent that Plaintiff's claim is based on internal disciplinary proceedings, due process requires that Plaintiff be given sufficient procedural safeguards before being disciplined. See Wolff, 418 U.S. at 563-70. However, Plaintiff does not assert that he was disciplined as a result of these proceedings. Rather, it appears from the pages attached to the complaint that Plaintiff may be seeking to challenge the loss of good-time credits as the result of an adverse prison disciplinary finding. See ECF No. 1, pg. 37. Given that early release and good time credits are not a liberty interest protected by the Fourteenth Amendment, Plaintiff fails to state a cognizable Due Process violation. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997). Plaintiff will be provided the opportunity to amend.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

1           Finally, Plaintiff is warned that failure to file an amended complaint within the
2   time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at
3   1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply
4   with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).
5   See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).
6           Accordingly, IT IS HEREBY ORDERED that:
7           1.      Plaintiff's complaint, ECF No. 1, is dismissed with leave to amend; and
8           2.      Plaintiff shall file an amended complaint within 30 days of the date of
9   service of this order.

11  Dated:  June 5, 2025

                                                     _____
                                                     DENNIS M. COTA
                                                     UNITED STATES MAGISTRATE JUDGE